Maurice B. VerStandig, Esq.
Bar No. 18071
The Belmont Firm
1050 Connecticut Avenue NW, Suite 500
Washington, DC 20036
Phone: (202) 991-1101
E-Mail: mac@dcbankruptcy.com
*Counsel for Virgilio Hernandez Artiga*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
Greenbelt Division

| | |
|---|---|
| In re: | |
| VIRGILIO HERNANDEZ ARTIGA, | Case No.: 22-12472-LSS |
| Debtor. | Chapter 13 |

**<u>OPPOSITION TO TRUSTEE'S OBJECTION TO DEBTOR'S EXEMPTIONS</u>**

COMES NOW Virgilio Hernandez Artiga ("Mr. Artiga" or the "Debtor"), by and through the undersigned, and, pursuant to Local Rule 9013-1, and in opposition to the Trustee's Objection to Debtor's Exemptions (the "Objection," as found at DE #49) states as follows:

**I.      Introduction**

This is a converted Chapter 7 proceeding where Mr. Artiga is seeking relief from a cascade of debt that has well outpaced the $25 per hour he makes as a laborer. His assets are relatively meager, being most notably punctuated by a timeshare he is rejecting *sub judice* and his home in Suitland, Maryland that he owns alongside two other people. Timothy P. Branigan, the Chapter 13

1

trustee herein (the "Trustee"), has objected to Mr. Artiga's exemption of the latter asset.[1] This objection is misplaced for the simple reason that it fails to take into account the palpable debt burdening the Debtor's interest in the subject property.

As extrapolated upon *infra*, the Trustee is errant in asserting that Mr. Artiga endeavors to "exempt the $83,721 in realty at 6419 Woodland Road, Suitland, Maryland." To the contrary, Mr. Artiga is endeavoring to exempt $18,125.51 of equity that he holds in the foregoing property (the "House"). It appears the Trustee has elected to value Mr. Artiga's interest without, too, deducting the debt incumbering that interest. Once such debt is accounted for, however, this exemption is well in line with that permitted by Maryland law

## II.     Argument: The Objection Should be Overruled

This is a relatively straightforward issue. It appears the Trustee is contending that Mr. Artiga's interest in the House, for exemption purposes, is to be computed without regard to the debt burdening the same asset. Such is a contention is without legal foundation and, to the contrary, is well-belied by precedent.

As a starting point, Maryland law permits a debtor to exempt up to $27,900.00 of equity in her or his homestead. *See* Md. Code Cts. & Jud. Proc. § 11-504(f)(1)(i) ("In addition to the exemptions provided in subsection (b) of this section, and in other statutes of this State, in any proceeding under Title 11 of the United States Code, entitled "Bankruptcy", any individual debtor domiciled in this State may exempt the debtor's aggregate interest in … 2. Subject to subparagraph (ii) of this paragraph: A. Owner-occupied residential real property, including a condominium unit or a manufactured home that has been converted to real property in accordance with § 8B-201 of

---

[1] The Objection does not address any of Mr. Artiga's other claimed exemptions, and the time to object to those exemptions has now elapsed. *See* Fed. R. Bankr. P. 4003(b). As such, the other exemptions are not addressed herein.

the Real Property Article … (ii) The exemption allowed under subparagraph (i)2 of this paragraph may not exceed the amount under 11 U.S.C. § 522(d)(1), adjusted in accordance with 11 U.S.C. § 104, subject to the provisions of paragraphs (2) and (3) of this subsection."); 11 U.S.C. § 522(d)(1) ("The following property may be exempted under subsection (b)(2) of this section: (1) The debtor's aggregate interest, not to exceed $27,900 [originally "$15,000", adjusted effective April 1, 2022] in value, in real property or personal property that the debtor or a dependent of the debtor uses as a residence, in a cooperative that owns property that the debtor or a dependent of the debtor uses as a residence, or in a burial plot for the debtor or a dependent of the debtor").

As explained by the United States Bankruptcy Court for the Eastern District of Michigan, the words "debtor's aggregate interest" necessitate computation not of the gross value of a given asset but, rather, of the net value of the subject asset after accounting for unavoidable liens:

> "Because the exemption is limited to 'the debtor's aggregate interest,' the value of the exemption depends upon *the equity* (if any) *in excess of unavoidable liens*." Therefore, contrary to the Debtors' assertion, to determine if a debtor is entitled to an exemption under § 522(d)(1), the first step is to determine if the debtor has any equity in the property by deducting from the value of the property, the amount of any liens on the property that have not been avoided. Only if there is equity remaining in the property after this calculation can a debtor exempt it from property of the estate up to the limit provided by § 522(d)(1).

*In re Bessette*, 269 B.R. 644, 647 (Bankr. E.D. Mich. 2001) (quoting 2 Norton Bankruptcy Law and Practice 2d § 46:10, at 46–19 (1997)) (emphasis added by *Bessette* Court).

Here, there does not appear to be any dispute but that (i) Mr. Artiga owns one third (1/3) of the House, Schedule A/B, DE #1, at § 1.1; (ii) the House is worth $253,700.00, *Id.*; and (iii) $199,323.49 in debt encumbered the House at the time of this case's filing, Schedule D, DE #1, at § 2.3. This leaves net equity in the Property in the amount of $54,376.51 (being $253,700.00 less $199,323.49).

Of that net equity, Mr. Artiga owns one third, commensurate with his one third ownership of the House. This interest computes to $18,125.51 (being $54,376.51 divided by three). And $18,125.51 is well less than the $27,900.00 exemption permitted under Maryland law for a debtor's homestead.

To hold otherwise, as the Trustee seemingly suggests, would be to upend the exemption laws concerning home ownership in this state and every other state where a homestead exemption is limited in nature. It would also be illogical. If the owners of the House were to sell the asset on the open market, they would not fetch $253,700.00 – they would fetch a sum of some approximation to $54,376.51, inasmuch as the mortgage debt would need to be either (i) retired at closing; or (ii) assumed by a purchaser. So to suggest Mr. Artiga must account for the gross value of the asset, in computing exemptions, is to suggest that Mr. Artiga must expend a portion of his exemptions on an interest in property that he could not realize even if he so wished.

### III. Conclusion

WHEREFORE, the Debtor respectfully requests that this Honorable Court will: (i) overrule the Objection; and (ii) afford such other and further relief as is just and proper.

                                                Respectfully submitted,

Date: July 17, 2023                /s/ Maurice B. VerStandig
                                                Maurice B. VerStandig, Esq.
                                                Bar No. 18071
                                                The Belmont Firm
                                                1050 Connecticut Avenue NW, Suite 500
                                                Washington, DC 20036
                                                Phone: (202) 991-1101
                                                E-Mail: mac@dcbankruptcy.com
                                                *Counsel for Virgilio Hernandez Artiga*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 17th day of July 2023, a copy of the foregoing was served electronically upon filing via the ECF system, with copes to:

- Timothy P. Branigan          cmecf@chapter13maryland.com
- Maurice Belmont VerStandig   mac@mbvesq.com; lisa@mbvesq.com; mahlon@dcbankruptcy.com; mac@dcbankruptcy.com; verstandig.mauricer104982@notify.bestcase.com

                                      /s/ Maurice B. VerStandig
                                      Maurice B. VerStandig, Esq.