Maurice B. VerStandig, Esq.
Bar No. 18071
The Belmont Firm
1050 Connecticut Avenue NW, Suite 500
Washington, DC 20036
Phone: (202) 991-1101
E-Mail: mac@dcbankruptcy.com
*Counsel for Virgilio Hernandez Artiga*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
Greenbelt Division**

| | |
|---|---|
| In re:<br><br>VIRGILIO HERNANDEZ ARTIGA,<br><br>Debtor. | Case No.: 22-12472-LSS<br><br>Chapter 13 |

**OPPOSITION TO PRAECIPE FILED BY TRUSTEE**

Comes now Virgilio Hernandez Artiga ("Mr. Artiga" or the "Debtor"), by and through undersigned counsel, in response to the Praecipe Requesting Entry of an Order Denying Confirmation Without Leave to Amend for Debtor's Failure to Fulfill Condition to Confirmation (the "Praecipe," as found at DE #69) filed by the Chapter 13 trustee herein (the "Trustee"), and states as follows:

**I.   Introduction**

The Trustee asks that confirmation of Mr. Artiga's Chapter 13 plan (the "Plan") be denied "without leave to amend" since Mr. Artiga did not amend the Plan within "14 days of the confirmation hearing held on October 17, 2023." *See* Praecipe, DE #69. Implicit in this request are two assumptions: (i) that there existed a 14 day deadline for Mr. Artiga to amend his plan; and (ii)

1

that denial of confirmation, without leave to amend, would be the appropriate remedy in such an eventuality. Neither of these assumptions are well placed.

For want of ambiguity, what the Trustee requests is that a Debtor who has (a) made every monthly payment; (b) appeared at multiple hearings herein; and (c) prevailed at the confirmation hearing on the last iteration of his Plan, should, nonetheless, see his case dismissed or reconverted to Chapter 7. And while there is certainly some cynical temptation is asking this matter be converted back to Chapter 7, now that the Debtor has established his assets to be fully exempt, Mr. Artiga committed to a Chapter 13 plan, has made his payments thereunder with near-robotic fidelity, and believes such to be the proper way forward. Of greater import, though, the Trustee has not established cause to deny confirmation with prejudice. To the contrary, the last iteration of the Plan herein was confirmed (albeit with a "hold").

## II.     Argument: The Praecipe is Procedurally and Substantively Improper

As a starting point, the Praecipe should be construed as a motion, even if only one sentence in length. *See, e.g.*, *Ruhlen v. Holiday Haven Homeowners, Inc.*, 28 F.4th 226, 228 (11th Cir. 2022) ("Black's Law Dictionary defines the term 'motion' as '[a] written or oral application requesting a court to make a specified ruling or order'...") (citing Motion, Black's Law Dictionary (11th ed. 2019)); *United States v. Finazzo*, 841 F.3d 816, 818 (9th Cir. 2016) (same). There is no question but that the Trustee has filed a "written … application," through which he asks this Honorable Court to "make a specified ruling or order." After all, "a rose by any other name would smell as sweet." William Shakespeare, *Romeo and Juliet,* Act II, Scene ii.

For want of ambiguity, the word "praecipe" is nowhere found in the Federal Rules of Bankruptcy Procedure. *See* Fed. R. Bank. P. 1001, *et seq*. Nor is it found amongst the Local Rules of this Honorable Court. *See* Local Rule 1001-1, *et seq*. Nor is it found in the Bankruptcy Code.

2

*See* 11 U.S.C. § 101, *et seq*. And there is accordingly no reason to regard the Praecipe as anything other than a motion seeking the dismissal or conversion of Mr. Artiga's case.

Such a motion is governed by Federal Rule of Bankruptcy Procedure 1307 which provides, *inter alia*:

> …on request of a party in interest or the United States trustee and after notice and a hearing, the court may convert a case under this chapter to a case under chapter 7 of this title, or may dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause, including--
>
> (1) unreasonable delay by the debtor that is prejudicial to creditors;
>
> (2) nonpayment of any fees and charges required under chapter 123 of title 28;
>
> (3) failure to file a plan timely under section 1321 of this title;
>
> (4) failure to commence making timely payments under section 1326 of this title;
>
> (5) denial of confirmation of a plan under section 1325 of this title and denial of a request made for additional time for filing another plan or a modification of a plan;
>
> (6) material default by the debtor with respect to a term of a confirmed plan;
>
> (7) revocation of the order of confirmation under section 1330 of this title, and denial of confirmation of a modified plan under section 1329 of this title;
>
> (8) termination of a confirmed plan by reason of the occurrence of a condition specified in the plan other than completion of payments under the plan;
>
> (9) only on request of the United States trustee, failure of the debtor to file, within fifteen days, or such additional time as the court may allow, after the filing of the petition commencing such case, the information required by paragraph (1) of section 521(a);
>
> (10) only on request of the United States trustee, failure to timely file the information required by paragraph (2) of section 521(a); or
>
> (11) failure of the debtor to pay any domestic support obligation that first becomes payable after the date of the filing of the petition.

11 U.S.C. § 1307(c).

The Trustee has not identified which of the foregoing prongs he believes to be applicable *sub judice*, and it is thusly somewhat difficult to surmise why the Praecipe advocates for a posture

that amounts to dismissal or conversion of this case. There may have been some delay in Mr. Artiga docketing a new plan (which he has now done) or submitting the remaining two documents to the trustee (which has also now done), but the Praecipe certainly does not assert such to have been "prejudicial to creditors." To the contrary, Mr. Artiga is current on his payments. *See* Payment Checks, attached hereto as Exhibit A.

Nor does it appear the Trustee is in a position to assert Mr. Artiga has failed to pay required fees, has failed to timely file an original plan, has failed to make any payments, seen confirmation of his plan denied without leave to amend, defaulted under the terms of a plan, seen a confirmation order revoked, seen a confirmed plan terminated, or failed to pay a domestic support obligation. Further, even though the other two grounds of statutory relief in Section 1307 are expressly reserved to motions brought by the United States Trustee, it does not appear anyone is contending Mr. Artiga has failed to produce statutorily-referenced information.

Of course, there are other problems with a one sentence motion unaccompanied by a notice. Not only does the Praecipe fail to set forth a cognizable basis for relief but, too, it fails to adhere to the notice/hearing rigors of Section 1307. And it equally fails to conform to the rules of this Honorable Court, lacking a memorandum of law (Local Rule 9013-2), being bereft of any legal argument whatsoever (Local Rule 9013-1), and being without an accompanying 21-day notice of opportunity to object (Local Rule 9006-1).

All of which underscores the larger point: The Trustee is accusing Mr. Artiga of not adhering to the procedures attendant to a "hold" on a confirmed plan (when such procedures are, at-best, murky – the notion of a 14 day deadline does not appear to be rooted in any apparent rule or statute). But, in so doing, the Trustee is ignoring wholly the procedures that govern practice in this Honorable Court. And while such might otherwise seem the elevation of form over substance,

the current state of this case is such that Mr. Artiga has (i) filed an amended plan with a surrender date and deadline for deficiency claims; (ii) made every payment to the Trustee; (iii) sent his 2022 taxes to the Trustee; (iv) sent his DSO form to the Trustee; and (v) otherwise complied with the rules governing a Chapter 13 debtor. So it is not merely procedurally improper to afford the relief sought in the Praecipe but, too, substantively improper.

For these reasons, the relief requested in the Praecipe ought to be denied and the amended plan ought to be confirmed.

### III.  Conclusion

WHEREFORE, Mr. Artiga respectfully prays this Honorable Court (i) deny the relief sought in the Praecipe; (ii) confirm the amended Chapter 13 plan; and (iii) afford such other and further relief as may be just and proper.

Respectfully submitted,

Date: December 13, 2023

/s/ Maurice B. VerStandig
Maurice B. VerStandig, Esq.
Bar No. 18071
The Belmont Firm
1050 Connecticut Avenue NW, Suite 500
Washington, DC 20036
Phone: (202) 991-1101
E-Mail: mac@dcbankruptcy.com
*Counsel for Virgilio Hernandez Artiga*

[Certificate of Service on Following Page]

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 13th day of December, 2023, a copy of the foregoing was served electronically upon filing via the ECF system, with copes to:

- Timothy P. Branigan          cmecf@chapter13maryland.com
- Maurice Belmont VerStandig   mac@mbvesq.com; lisa@mbvesq.com; mahlon@dcbankruptcy.com; mac@dcbankruptcy.com; verstandig.mauricer104982@notify.bestcase.com

                                      /s/ Maurice B. VerStandig
                                      Maurice B. VerStandig, Esq.